UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

NICK S. HULBERT AND TRACEY HULBERT, )
)
       Plaintiffs, )
)
VS ) No.   16 cv 50273
)
SCHUSTER COMPANY AND )
THOMAS LYLE KRAMER, )
)
       Defendant. )

## COMPLAINT AT LAW

Now comes the Plaintiffs, Nick and Tracey Hulbert, by and through their attorney, Timothy S. Mahoney, and in support of their complaint against Defendants, Schuster Company, an Iowa Corporation, and Thomas Kramer, allege as follows:

## GENERAL ALLEGATIONS

1. At all relevant times hereto the Plaintiffs, Nick Hulbert and Tracey Hulbert, reside at 11454 N. Hulbert Rd, McConnell, Stephenson County, Illinois.

2. At all relevant times hereto the Defendant, Thomas Kramer, resides at 4942 Edgewater Dr, Mound, Hennepin County, Minnesota.

3. At all relevant times hereto the Defendant, Schuster Company, is a corporation incorporated under the laws of the State of Iowa.

4. The amount in controversy without interests and costs exceeds the amount specified in 28 USC Section 1332.

5 On or about August 28, 2014 the Plaintiff, Nick Hulbert, was

traveling west on US Route 20 approaching the intersection of Route 20 West and Business 20 West.

6. At the same time and place the Defendant, Schuster Company, by its' agent and employee, Thomas Kramer, was traveling east on US Route 20 approaching the intersection of Route 20 West and Business 20 West.

7. The intersection of US Route 20 and Business 20 West is regulated by traffic control lights.

## COUNT I - NEGLIGENCE
### Personal Injury Claim - Defendant Schuster Company

1-7. Plaintiff, Nick Hulbert, repeats the allegations, and incorporates by reference paragraphs One (1) through Seven (7) in the General Allegations as though fully set forth in General Allegations.

8. The Defendant, Schuster Trucking by its' employee and agent, Thomas Kramer, neglecting the requirements of the traffic control lights proceeded into the intersection and drove his vehicle into the passenger side door of the vehicle being driven by the Plaintiff.

9. The Defendant, Thomas Kramer, was negligent in that he failed to stop at a red traffic control light.

10. As a result of the negligence on the part of the Defendant, Thomas Kramer, the Plaintiff, Nick Hulbert, suffered severe and grievous injuries, including but not limited to, mental and physical pain and suffering. He was forced to incur medical bills. He was unable to work and lost income as a result.

11. As a direct and proximate result of the negligent actions of the Defendant, Thomas Kramer, the Plaintiff, Nick Hulbert, will continue to incur medical expenses in the future, will continue to lose time at work and will continue lose income, and will continue to have mental and physical pain and suffering, as a result of his injures.

Wherefore, Plaintiffs, Nick and Tracey Hulbert, pray this court enter a judgment against Defendant, Thomas Kramer, for an amount in excess of $75,000.00 plus court costs.

## COUNT II - NEGLIGENCE
### Personal Injury Claim - Defendant Thomas Kramer

1-7. Plaintiff, Nick Hulbert, repeats the allegations, and incorporates by reference paragraphs One (1) through Seven (7) in the General Allegations as though fully set forth in General Allegations.

8. The Defendant, Thomas Kramer, neglecting the requirements of the traffic control lights proceeded into the intersection and drove his vehicle into the passenger side door of the vehicle being driven by the Plaintiff.

9. The Defendant, Thomas Kramer, was negligent in that he failed to stop at a red traffic control light.

10. As a result of the negligence on the part of the Defendant, Thomas Kramer, the Plaintiff, Nick Hulbert, suffered severe and grievous injuries, including but not limited to, mental and physical pain and suffering. He was forced to incur medical bills. He was unable to work and lost income as a result.

11. As a direct and proximate result of the negligent actions of the Defendant, Thomas Kramer, the Plaintiff, Nick Hulbert, will continue to incur medical expenses in the future, will continue to lose time at work and will continue lose income, and will continue to have mental and physical pain and suffering, as a result of his injures.

Wherefore, Plaintiffs, Nick and Tracey Hulbert, pray this court enter a judgment against Defendant, Thomas Kramer, for an amount in excess of $75,000.00 plus court costs.

### COUNT III - LOSS OF CONSTORTIUM
### Personal Injury Claim - Defendant Schuster Company

1-7. Plaintiff, Tracey Hulbert, repeats the allegations, and incorporates by reference paragraphs One (1) through Seven (7) in the General Allegations as though fully set forth in General Allegations.

8. At all times relevant to this claim, Plaintiff, Tracey Hulbert, was and is the lawful spouse of Nick Hulbert. As the spouse of Nick Hulbert, Plaintiff, Tracey Hulbert, was accustomed to and did receive the love, affection and care from Nick Hulbert and was dependant on him for the necessities of life that he provided. In addition,
she was entitled to and did receive the consortium and society of Nick Hulbert and the other concomitants of married life.

9. As a direct and proximate result of the Defendant=s negligence and other acts and omissions specified above, the Defendant, Thomas Kramer, caused

serious and permanent injuries to Nick Hulbert and, thereby, interfered with the relationship of Tracey Hulbert and the Plaintiff, Nick Hulbert, so as to deprive the Plaintiff, Tracey Hulbert, of all of those elements of married life she was accustomed to receiving. Defendant thus grievously injured and damaged Tracey Hulbert on those particulars of support, devotion, care, society, and consortium which she formally, prior to the injury to Nick Hulbert received and which now, because of the injury, she has lost, all to the damage of Plaintiff, Tracey Hulbert.

WHEREFORE, Plaintiff, Tracey Hulbert, demand judgment against the Defendant, Schuster Company, in a sum in excess of $75,000.00 plus court costs.

### COUNT IV - LOSS OF CONSORTIUM
**Personal Injury Claim - Defendant Thomas Kramer**

1-7. Plaintiff, Tracey Hulbert, repeats the allegations, and incorporates by reference paragraphs One (1) through Seven (7) in the General Allegations as though fully set forth in General Allegations.

8. At all times relevant to this claim, Plaintiff, Tracey Hulbert, was and is the lawful spouse of Nick Hulbert. As the spouse of Nick Hulbert, Plaintiff, Tracey Hulbert, was accustomed to and did receive the love, affection and care from Nick Hulbert and was dependant on him for the necessities of life that he provided. In addition,

she was entitled to and did receive the consortium and society of Nick Hulbert and the other concomitants of married life.

9. As a direct and proximate result of the Defendant=s negligence and

other acts and omissions specified above, the Defendant, Thomas Kramer, caused serious and permanent injuries to Nick Hulbert and, thereby, interfered with the relationship of Tracey Hulbert and the Plaintiff, Nick Hulbert, so as to deprive the Plaintiff, Tracey Hulbert, of all of those elements of married life she was accustomed to receiving. Defendant thus grievously injured and damaged Tracey Hulbert on those particulars of support, devotion, care, society, and consortium which she formally, prior to the injury to Nick Hulbert received and which now, because of the injury, she has lost, all to the damage of Plaintiff, Tracey Hulbert.

WHEREFORE, Plaintiff, Tracey Hulbert, demand judgment against the Defendant, Thomas Kramer, in a sum in excess of $75,000.00 plus court costs.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: /s Timothy S. Mahoney

Timothy S. Mahoney
Attorneys for Plaintiffs
50 W. Douglas St., Suite 300
P.O. Box 158
Freeport, Illinois 61032
815-235-1515
tim@mahoneyandhauser.com